820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. JEFFRIES, Petitioner-Appellant,
v.
Nathan A. RICE, Acting Warden, Central Prison, Respondent-Appellee.
 No. 86-7602.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided June 5, 1987.
 
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 James E. Jeffries, appellant pro se.
 Richard N. League, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 In May 1979, the Gardner Building caught fire. In the course of the fire, an explosion occurred, killing five firefighters. In 1981 James Jeffries was convicted of felonious burning, conspiracy to burn and five counts of involuntary manslaughter. Now, in his 28 U.S.C. Sec. 2254 habeas petition, Jeffries challenges his conviction on the following grounds:
 
 
 2
 (1) his sixth amendment right of confrontation was violated when his attorney was forced to cross-examine the prosecution's expert witness in the hospital and when other limitations were placed on cross-examination of other witnesses;
 
 
 3
 (2) he was denied due process when materials that the prosecution had refused to allow the defense access to were admitted into evidence;
 
 
 4
 (3) the court erred in allowing identification testimony based on an impermissibly suggestive photo display;
 
 
 5
 (4) confessions were obtained by coercion and false promises in violation of Jeffries' fifth amendment right to silence. A waiver Jeffries signed before a polygraph test did not knowingly and intelligently waive his rights during a subsequent interrogation; and
 
 
 6
 (5) the court erred in allowing a number of inconsistent instructions regarding the involuntary manslaughter charges to be read to the jury, and erred in not setting aside the verdict for insufficient evidence.
 
 
 7
 The magistrate reviewed Jeffries' challenges and recommended that a writ of habeas corpus[1] be granted on the five counts of involuntary manslaughter. The magistrate rejected the rest of Jeffries' contentions. The district court accepted the magistrate's recommendations.[2]
 
 
 8
 On appeal, in addition to raising the issues rejected below, Jeffries alleges that blacks were excluded from the jury without cause. We need not address that issue since it has not been presented to the state courts or to the district court.
 
 
 9
 In the analysis of Jeffries' claims, the magistrate failed to address the sufficiency of the evidence supporting the felonious burning conviction. The district court, when adopting the magistrate's recommendation, overlooked that omission. We therefore remand this case to allow the district court to make a determination regarding the sufficiency of the evidence supporting Jeffries' conviction on felonious burning.
 
 
 10
 We find no merit in Jeffries' remaining challenges to his conviction. The district court's conclusions on those issues are supported by the record and the law. On all issues except the sufficiency of the evidence supporting the conviction of felonious burning, we affirm on the reasoning of the magistrate as adopted by the district court. Jeffries v. Rice, C/A No. 82-222-ST (W.D.N.C., Apr. 10 and May 12, 1986). Jeffries' request that this Court subpoena the original tapes of his interviews with the police is denied. We also deny his request for the appointment of counsel. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 11
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 [1]
 The magistrate and the district court initially granted a writ of habeas corpus ad prosequendum. The order was corrected to read habeas corpus ad subjiciendum
 
 
 [2]
 The state has not appealed the grant of habeas relief on the five involuntary manslaughter convictions